Martin, J.
delivered the opinion of the court. The petition states, that the plaintiff rented a house to the defendants’ insolvents, for one year, and took their notes for the rent, and before the expiration of the year, the lessees failed—that the amount of the said notes is a privileged claim on the goods, wares and merchandise, in the said house—that neither the insolvents nor the defendants have paid the said debt nor any part thereof.
The defendants pleaded the general issue, and a tender of the house and keys, &c.
The parish court gave judegent for the plaintiff for the amount of the notes, with privilege on the proceeds of the sale of the goods in the house at the time of the surrender. The defendants appealed.
*187 West’n District.
December, 1820.
The statement of facts shows, that the notes were given by the defendants’ insolvents, to the plaintiff for the rent of the store occupied by them, the property of the plaintiff, for one year, ending on the 31st of November, 1820, and the amount of the notes was demanded of the defendants before the sale of the goods on the premises. On the 1st of July, the defendants tendered the house and key to the plaintiffs, who declined accepting them.
The plaintiff’s claim was not affected by the cession made by his debtors. On the contrary, it became thereby payable immediately, although the day of payment agreed upon was not yet arrived. Had not the defendant obtained a stay of proceedings, the plaintiff might instantly have exercised the right of seizing the goods in the house. His not doing so, cannot be considered as a waver of his right of being paid by the sale of the goods. He has been guilty of no laches, and ought, therefore, to be paid by privilege on the goods, which were in the house at the time of the cession, which he was prevented from seizing only by the order for a stay of proceeding.
We cannot see on what grounds it may be contended, that the defendants had a right to put an end to the lease by a tender of the keys, &c.
It is, therefore, ordered, adjudged and decreed, that *188 the judgment of the parish court be affirmed with costs.
Hennen for the plaintiffs, Hawkins for the defendant.